# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 1: 20-cr-194 (RCL)** |
| **NABIL ALI MADZARAC,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

Defendant was arrested on August 17, 2020, and charged by complaint with one instance of communicating threats using interstate communications, in violation of 18 U.S.C. § 875, and one instance of threats and extortion against foreign officials, official guests, or internationally protected persons, in violation of 18 U.S.C. § 878.  ECF No. 1.  He made his initial appearance before the undersigned on August 18, 2020, at which time the government moved for a forensic competency screening, which Defendant opposed.  ECF No. 6.  The undersigned denied the government's request.  Minute Entry dated Aug. 18, 2020.  On August 19, 2020, a detention hearing was held before the undersigned, but did not conclude.  Minute Entry dated Aug. 19, 2020. Based on the information proffered in the government's Memorandum and Proffer in Support of Pretrial Detention (ECF No. 4), as well as Defendant's behavior during his initial appearance and detention hearing, the undersigned ordered, *sua sponte*, that Defendant undergo a forensic screening by a psychologist from the District of Columbia Department of Behavioral Health, Pretrial and Assessment Branch ("DBH") for a preliminary assessment of his competency to stand trial.  ECF No. 6.  On August 28, 2020, Defendant's continued detention hearing and competency hearing were held before the undersigned.  Based on the initial competency screening report

prepared by the DBH psychologist (ECF No. 8), which concluded there was reasonable cause to believe that a full mental competency evaluation of Defendant was warranted, the Court ordered that Defendant be committed to the custody of the Attorney General for a period not to exceed 30 days for placement in a suitable facility for a competency evaluation, pursuant to the provisions of 18 U.S.C. §§ 4241, 4247(b) and (c), and Local Criminal Rule 57.17(a)(14).[1]   ECF No. 9.   On September 17, 2020, Defendant was indicted on one count of making interstate communications with intent to threaten or injure, in violation of 18 U.S.C. § 875(c), and one count of making threats against foreign officials, official guests, or internationally protected persons, in violation of 18 U.S.C. § 878(a). ECF No. 13.

On September 24, 2020, Defendant arrived at the Federal Correctional Institute in Butner, North Carolina ("FCI Butner") for the forensic evaluation.  ECF No. 16.  However, in order to limit the spread of COVID-19, FCI Butner informed the Court that Defendant was required to quarantine for 28 days upon arrival and it would not be possible to conduct the forensic evaluation until he was released from quarantine.  ECF No. 17.  Accordingly, FCI Butner requested that the forensic evaluation period begin on the date of Defendant's release from quarantine, on or about October 22, 2020, and be extended for an additional 15 days.  *Id.*  The undersigned granted FCI Butner's request for an extension and ordered that, beginning on October 20, 2020, FCI Butner would have 45 days within which to conduct the competency evaluation of Defendant.  ECF No. 18.  A competency hearing and arraignment were scheduled for December 14, 2020.

On December 10, 2020 the Court received the forensic evaluation of Defendant from a forensic psychologist at FCI Butner.  ECF No. 20.  The forensic psychologist found that Defendant

---

[1] Defendant conceded detention, without prejudice to making a further application after the mental competency examination had been completed.  ECF No. 9.  Accordingly, the undersigned granted the government's motion for Defendant's pretrial detention.  *Id.*

"is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense" and thus "is competent to stand trial." *Id.* at 16. The evaluator explained that, although Defendant was initially demanding of staff at FCI Butner, later in the evaluation period Defendant was consistently respectful in his interactions with staff, participated in all evaluation procedures, and agreed to all requests for interviews and testing. *Id.* at 9–10.

As to his competency to stand trial, the forensic psychologist found that Defendant displayed an understanding of the roles and intentions of individuals involved in the proceedings and demonstrated an understanding of the pleas available to a defendant. *Id.* at 14. The psychologist noted that Defendant expressed an understanding of the charges brought against him, was able to describe the penalty he faced, and understood the facts underlying the charges. *Id.* Although Defendant expressed dissatisfaction with his attorney, he stated that he believed he would be able to work effectively with a different defense attorney.[2] *Id.* The evaluator further concluded that "[t]hroughout th[e] evaluation period, [Defendant] displayed an ability to communicate adequately and to cooperate with requests[,]" "maintain[ed] appropriate self-interest in the outcome of his case[,]" and demonstrated "the reasoning capability to choose between alternatives when important decisions are at stake, such as decisions regarding courtroom strategy and whether or not he would plead guilty." *Id.* at 15. The evaluator also concluded that Defendant "is capable of effectively interacting and working with his attorney" and "is capable of managing his behavior appropriately in a courtroom setting." *Id.* Based on this evidence, the evaluator concluded that, "[a]lthough [ ] Defendant evidenced unusual beliefs that may border on delusional thinking, [his] abilities to participate in courtroom proceedings, as well as his ability to assist in

---

[2] At Defendant's competency hearing, the undersigned granted Defendant's request to appoint new counsel. Minute Entry dated Dec. 15, 2020.

his defense are not impaired" and his "beliefs and behavioral presentations do not affect his competence." *Id.* at 15–16.

The competency hearing required by 18 U.S.C. §§ 4241(c) and 4247(d) was held on December 15, 2020.  At that hearing, neither Defendant's counsel nor the government objected to the forensic psychologist's findings and conclusions.  The undersigned also concurs in the findings and conclusions found in the forensic evaluation.  Accordingly, for the reasons stated in this Order, it is hereby

**ORDERED** that upon consideration of the entire record herein, the undersigned finds by a preponderance of the evidence that Defendant has a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

**SO ORDERED**.

December 16, 2020

_____

G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE