UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:20-cr-194-RCL |
| NABIL MADZARAC, | *~~FILED UNDER SEAL~~* *RCL 5/15/23* |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is an application submitted by Nabil Madzarac, the defendant in this criminal case, to redact portions of certain docket entries, including court orders, a court memorandum opinion and order, a detention hearing transcript, one of the government's memoranda, and two of Mr. Madzarac's own motions. The proposed redactions cover references to his mental health status, mental health treatment, and ▮▮▮▮▮▮▮▮▮▮. The government opposes in part, arguing that the proposed redactions are too broad. After considering the record, the applicable law, the parties' briefing, and the proposed redactions, the defendant's motion to redact certain docket entries will be **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

On or about August 15, 2020, Mr. Madzarac allegedly issued threats to kill or attempt to kill foreign officials associated with the Embassy of the State of Libya. Mr. Madzarac was subsequently arrested and charged with one count of Interstate Communication with Intent to Threaten or Injure, in violation of 18 U.S.C. § 875(c), and one count of Threats Against Foreign Officials, Official Guests, or Internationally Protected Persons, in violation of 18 U.S.C. § 878(a).

Mr. Madzarac made his initial appearance before Magistrate Judge G. Michael Harvey on August 18, 2020, and the government moved for a forensic competency screening, which Magistrate Judge Harvey denied. Minute Entry dated Aug. 18, 2020. On August 19, 2020, the

government filed a memorandum and proffer in support of pretrial detention. ECF No. 4. The detention hearing was also held before Magistrate Judge Harvey on August 19, 2020, but it was continued to August 21, 2020. Minute Entry dated Aug. 19, 2020. Based on the government's Memorandum and Proffer in Support of Pretrial Detention, as well as Mr. Madzarac's behavior during his initial appearance and detention hearing, Magistrate Judge Harvey ordered, sua sponte, that Mr. Madzarac undergo a forensic screening for a preliminary assessment of his competency to stand trial. ECF No. 6. Based on the initial competency screening report, Magistrate Judge Harvey ordered a mental competency examination on August 28, 2020. ECF No. 9. On September 17, 2020, Mr. Madzarac was indicted on one count of Interstate Communication with Intent to Threaten or Injure, in violation of 18 U.S.C. § 875(c), and one count of Threats Against Foreign Officials, Official Guests, or Internationally Protected Persons, in violation of 18 U.S.C. § 878(a). ECF No. 13. On December 16, 2020, Magistrate Judge Harvey issued a memorandum opinion and order, finding Mr. Madzarac competent to stand trial. ECF No. 22. On December 22, 2020, Magistrate Judge Harvey ordered Mr. Madzarac conditionally released pending trial. ECF No. 23. On March 11, 2021, Mr. Madzarac submitted an unopposed motion to amend the conditions of his release, ECF No. 25, which the Court granted, ECF No. 26. On May 5, 2021, Mr. Madzarac submitted another motion to amend the conditions of his release, ECF No. 32, which the Court also granted, ECF No. 33.

On May 31, 2022, Mr. Madzarac moved to redact certain docket entries related to his mental health status, mental health treatment, and ▮▮▮▮▮▮▮▮▮▮▮▮▮. Def.'s Mot. to Redact Portions of Certain Docket Entries, ECF No. 58; *see* August 20, 2020 Order, ECF No. 6; August 28, 2020 Order, ECF No. 9; Memorandum and Proffer in Support of Pretrial Detention, ECF No. 4; Transcript of Detention Hearing, ECF No. 34; December 16, 2020 Memorandum

Opinion and Order, ECF No. 22; December, 22, 2020 Order, ECF No. 23; Unopposed Motion to Amend Conditions of Release, ECF No. 25; Unopposed Motion to Amend Conditions of Release, ECF No. 32; May 7, 2021 Order, ECF No. 33. The government opposed in part. Resp. to Def.'s Mot. To Redact Portions of Certain Docket Entries, ECF No. 60. Mr. Madzarac replied. Def.'s Reply, ECF No. 61.

The issue is now ripe for this Court's review.

## II.   LEGAL STANDARDS

The public has a First Amendment right of access to judicial records unless there is a compelling reason demonstrating otherwise. *See Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991). To determine whether this right of public access is implicated, the Court must first ask "whether the subject of an application is a 'judicial record.'" *United States v. Munchel*, 567 F. Supp. 3d 9, 14 (D.D.C. 2021).

Once the Court determines that the relevant materials qualify as judicial records, it should begin its analysis with a "strong presumption in favor of public access" to these records. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). However, this presumption "may be outweighed in certain cases by competing interests" raised by the party opposing redaction. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). In *Hubbard*, the D.C. Circuit set forth a six-factor balancing test to evaluate whether judicial records should be sealed. 650 F.2d at 317–22. The Court must weigh: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact of objection and identity of those objecting to disclosure; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Id.*

### III.   DISCUSSION

**A. The Documents Are Judicial Records So A Presumption Of Access Applies**

"[W]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) (quoting *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997)). Mr. Madzarac seeks to redact portions of court orders, a memorandum opinion and order, a detention hearing transcript, one of the government's memoranda, and two of Mr. Madzarac's own motions. Courts in the D.C. Circuit have treated these types of documents as judicial records. *See In re Leopold*, 964 F.3d at 1128 ("There is no doubt that the court orders themselves are judicial records."); *United States v. Murray*, No. 16-cr-176 (RDM), 2018 WL 3025044, at *1 2 (D.D.C. June 15, 2018) (recognizing that transcripts of judicial proceedings constitute judicial records); *Hyatt v. Lee*, 251 F. Supp. 3d 181, 186–187 (D.D.C. 2017) (recognizing the same for memorandum opinions, the parties' motions, and the parties' memoranda in support of motions).

**B. Analysis Of The *Hubbard* Factors**

Because the documents at issue are judicial records, the Court shall analyze the proposed redactions under each of the six *Hubbard* factors.

#### 1. Need for Public Access

The first *Hubbard* factor requires the Court to evaluate the need for public access to the judicial records that Mr. Madzarac seeks to redact. In *Hubbard*, the D.C. Circuit explained that the right of access "serves to produce an informed and enlightened public opinion [and] . . . safeguard against any attempt to employ our courts as instruments of persecution, to promote the search for truth, and to ensure confidence in judicial remedies." *In re Leopold*, 964 F.3d at 1127 (quoting *Hubbard*, 650 F.2d at 315 n.79) (internal quotation marks and alteration omitted). There is a heightened public interest in access to judicial records that help the public "understand the rulings

as well as the contours of the disputes between the parties." *Hyatt*, 251 F. Supp. 3d at 184. Further, "'in cases where the government is a party . . . [t]he appropriateness of making court files accessible' is enhanced." *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) (quoting *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009)).

The information that Mr. Madzarac seeks to redact falls squarely within the information that serves to promote an informed public. Here, the proposed redacted information was used to determine whether Mr. Madzarac should be detained pending trial. Therefore, leaving these documents unredacted "promotes an 'informed and enlightened public opinion' about the type of defendant who may be detained pending trial in this Circuit." *Munchel*, 567 F. Supp. 3d at 17 (quoting *In re Leopold*, 964 F.3d at 1127). This first factor therefore weighs against the proposed redactions.

### 2. Extent of Previous Public Access

Next, the Court must look to "whether, when and under what conditions the public has already had access to court records." *Hubbard*, 650 F.2d at 318. If the disputed information was already accessible to the public, "there would presumably be less justification to keep [it] under seal." *Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 54 (D.D.C. 2021) (citing *Hubbard*, 650 F.2d at 318 n.97).

The documents at issue have been accessible on the public docket since August 2020 (ECF Nos. 4, 6, 9), December 2020 (ECF Nos. 22, 23), March 2021 (ECF No. 25), and May 2021 (ECF Nos. 32, 33, 34). Further, information need not be consistently redacted throughout the docket, so the fact that Mr. Madzarac's competency evaluation is itself sealed does not mean that documents referencing the evaluation must be redacted. *See Hyatt*, 251 F. Supp. 3d at 187. Because the information that Mr. Madzarac seeks to redact has been already accessible for a substantial amount of time, this factor weighs against the proposed redactions. *See Upshaw v. United States*, 754 F.

5

Supp. 2d 24, 28 (D.D.C. 2010) (prior public access for one year and eight months was enough time to weigh in favor of continued public access).

### 3. Identity of the Party Objecting to Disclosure

Third, the Court must account for "the fact that someone has objected to disclosure, and the identity of that person." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). When both parties seek to have information placed under seal, this factor weighs in favor of nondisclosure. *See United States v. Harris*, 204 F. Supp. 3d 10, 17 (D.D.C. 2016). On the other hand, if only the defendant objects to disclosure, this factor weighs in favor of keeping the information public. *See Munchel*, 567 F. Supp. 3d at 18. "[T]he [D.C.] Circuit has also recognized that when the government is a party to the case and supports public access to the judicial record— this further strengthens the case for access." *Id.*

The government does not oppose redacting references to Mr. Madzarac's specific mental health diagnosis, specific mental health treatment, and ■■■■■■■■■■■■■■■■■■. However, the government opposes redacting references to his general mental health status and general mental health treatment. Insofar as the government opposes the proposed redactions, this factor weighs in favor of disclosure, and insofar as the government does not oppose Mr. Madzarac's proposed redactions, this factor weighs in favor of redaction.

### 4. Strength of Asserted Privacy and Property Interests

"The fourth *Hubbard* factor requires the Court to 'assess the strength of any property or privacy interests voiced by the moving party.'" *Harris*, 204 F. Supp. 3d at 17 (quoting *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011)). For the Court's prior orders and memorandum opinions in particular, "there is a strong interest in public access," so "[the defendant] must provide a specific justification for each specific proposed redaction." *Hyatt*, 251 F. Supp. 3d at 186. Issues that are "very personal to [the defendant's] well-being" and

"of a private character" satisfy the strong privacy interest requirement. *Murray*, 2018 WL 3025044, at *3.

Here, Mr. Madzarac has a strong privacy interest regarding references to his specific mental health diagnosis, specific mental health treatment, and ▓▓▓▓▓▓▓▓▓▓. However, he has a weaker privacy interest in references to his general mental health and general mental health treatment. Typically, "American courts have not only rejected artificial limitations on the common law right of access but also tended to view *any* limitation as repugnant to the spirit of our democratic institutions." *Munchel*, 567 F. Supp. 3d at 16 (internal quotation marks and citation omitted). By requesting such broad redactions regarding his general mental health status and general mental health treatment, Mr. Madzarac is asking the Court to seriously limit the public's right of access. The Court is unwilling to severely limit this right because these general references help the public understand how the court arrived at its decisions.

Given Mr. Madzarac's relatively weak privacy interest in information related to his general mental health status and general mental health treatment, this factor weighs against redaction for those references. However, this factor weighs in favor of redaction for references to his specific mental health diagnosis, specific mental health treatment, and ▓▓▓▓▓▓▓▓▓▓ because of the heightened privacy interest in such matters.

### 5. Possibility of Prejudice

"The fifth *Hubbard* factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman*, 672 F. Supp. 2d at 60.

Mr. Madzarac suggests that failing to grant the requested redactions may prejudice him in future stages of litigation. In doing so, he cites *Murray* for the proposition that "disclosure will chill [a defendant's] ability openly to engage with the Court regarding personal issues." 2018 WL 3025044, at *4. The Court is persuaded by this argument. *Cf. id.* (noting that "open discussion

[was] essential" in the context of court supervision over a defendant's supervised release). The government does not present a counterargument regarding this factor. Since leaving the information unredacted may lead to prejudice, this factor weighs in favor of redaction.

### 6. The Purposes for Which the Documents Were Introduced

The purposes for which the documents were introduced is the "single most important element" in the *Hubbard* analysis. *Hyatt*, 251 F. Supp. 3d at 186 (quoting *Hubbard*, 650 F.2d at 321). The more relevant a document is to the central claims, the stronger the presumption of public access. *See Harris*, 204 F. Supp. 3d at 17 18. Courts in the D.C. Circuit have made exceptions to the right of access where judicial documents "might have become a vehicle for improper purposes . . . such as to 'gratify private spite or promote public scandal.'" *Munchel*, 567 F. Supp. 3d at 21 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Courts' prior orders, memorandum opinions, and parties' motions are presumed to be introduced for proper purposes, weighing in favor of disclosure. *See, e.g.*, *Hyatt*, 251 F. Supp. 3d at 186. Accordingly, this factor weighs against redacting the court orders and memorandum opinion, ECF Nos. 6, 9, 22, 23, 33, and Mr. Madzarac's motions, ECF Nos. 25, 32.

When evaluating the purpose of other types of judicial records, courts in the D.C. Circuit have looked to whether the documents were used or relied upon by the judge in his decision. *See Harris*, 204 F. Supp. 3d at 18. Since the judge considered the government's Memorandum in Support of Pretrial Detention as well as the detention hearing itself in determining whether to commit Mr. Madzarac to custody, this factor weighs against redacting both the government's memorandum, ECF No. 4, and the detention hearing transcript, ECF No. 34.

\*   \*   \*

Considering all the factors, this Court concludes that Mr. Madzarac's specific mental health diagnosis, specific mental health treatment, and ▌▌▌▌▌▌▌▌▌▌▌▌▌ should be redacted. The

Court finds that Mr. Madzarac's privacy interests, and the government's agreement, are sufficiently compelling to overcome the presumption of public access to portions of the record concerning his specific mental health diagnosis, specific mental health treatment, and alleged childhood trauma. On the other hand, the proposed redactions regarding Mr. Madzarac's general mental health status and general mental health treatment will not be ordered. The Court finds that the presumption of public access to portions of the record referencing Mr. Madzarac's general mental health status and general mental health treatment is not outweighed by any significant, countervailing interests.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to redact certain docket entries will be **GRANTED IN PART** and **DENIED IN PART**.

A separate order will issue.

Date: March 6, 2023

Royce C. Lamberth
United States District Judge